### 28830.   HARRIS *v.* VALENCIA.

DECIDED JULY 1, 1941.

*C. B. Teal, McDonald & McDonald,* for plaintiff in error.
*D. E. Griffin,* contra.

BROYLES, C. J.   On November 11, 1939, Mrs. Valencia, before J. A. Jones, justice of the peace, swore out an attachment against Mrs. Harris on the ground that Mrs. Harris was indebted to her in the sum of $435, and that Mrs. Harris was a non-resident of this State, and had property located in Ben Hill County, Georgia. Bond was given, the attachment was issued and levied upon a

Pierce Arrow aluminum painted trailer as the property of the defendant. The return of the levying officer further stated that the property was in her possession at the time of the levy and seizure, that he gave her personal and actual notice of the levy, and personally served her with a true copy of the notice attached to the face of the attachment. The attachment was filed and made returnable to the January term, 1940, of Ben Hill superior court, and the declaration was filed at that term. The defendant was given proper notice of the attachment and of the term of court to which it was made returnable. At that term the defendant filed her answer denying any indebtedness. The case proceeded to a verdict and judgment in favor of the plaintiff for the amount sued for, the motion for new trial was overruled, and that judgment was assigned as error.

We have carefully read and considered the voluminous brief of the evidence and in our opinion the evidence, while conflicting, authorized the verdict, and the general grounds of the motion are without merit. Special grounds 1, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 17 complain of certain excerpts from the judge's charge, and special grounds 2 and 3 assign error on his omission to properly and fully charge the contentions of the plaintiff in error. In view of the entire charge and the facts of the case none of these grounds shows cause for a reversal of the judgment. The record shows that a certain written agreement had been signed by the plaintiff in error and that said agreement was attached as an exhibit to the declaration. Special ground 13 alleges that counsel for the defendant in error made to the jury a statement in which he substantially outlined the agreement, and that the court erred in overruling the motion of counsel for the plaintiff in error "that the agreement be stricken from the declaration and that the statement of the agreement as made by counsel for the plaintiff be stricken, upon the ground that it was immaterial and irrelevant and illustrated no issue in the case." The ground fails to allege that the aforesaid statement was prejudicial to the plaintiff in error, and the ground, failing otherwise to show it was prejudicial, is without merit. Ground 14 is likewise without merit; and the remaining grounds (15 and 16) are not unqualifiedly approved by the court and therefore can not be considered by this court. The denial of a new trial was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*